IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JENNIFER ARNDT, # 2272048 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21cv303 |
| | § | |
| WARDEN STACY KING | § | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Petitioner Jennifer Arndt filed "Defendant's Motion for Extension of Time to File Her Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to Petition Discretionary Review." (Dkt. # 1). A review of judicial records shows that Petitioner was convicted in Grayson County in cause number 069897 for the offense of injury to a child, elderly or disabled individual on July 3, 2019, and sentenced to fifty years' confinement. Petitioner filed an appeal, but the Fifth District Court of Appeals dismissed it as untimely filed on January 6, 2021. *Jennifer Ann Arndt v. State,* No. 05-20-01072-CR, 2021 WL 48640 (Tex. App. – Dallas Jan. 6, 2021). Petitioner's motion was construed as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 because Petitioner is challenging the constitutionality of her conviction. Accordingly, she was given a *Castro* warning that she would not be able to file a second or successive section 2254 petition without the Fifth Circuit's permission.[1]

In response, on April 28, 2020, Petitioner filed a letter with the Court, in which she requested to withdraw her motion for an extension of time to file a discretionary review "until a later time."

---

[1] *Castro v. United States*, 540 U.S. 375, 383 (2003).

1

(Dkt. # 7). This Court construes this letter as a request to dismiss this action.[2] Voluntary dismissals by a petitioner are governed by Federal Rule of Civil Procedure 41(a)(1)(A) that provides, in pertinent part that the petitioner "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." "Unless the notice…states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). The notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required. *In re Amerijet Int'l, Inc.,* 785 F.3d 967, 973 (5th Cir. 2015). Thus, once a petitioner has moved to dismiss under Rule 41(a)(1)(A)(i), the case is effectively terminated; the Court has no power or discretion to deny Petitioner's right to dismiss or to attach any condition or burden to that right. *Williams v. Ezell*, 531 F.2d 1261, 1264 (5th Cir. 1976); *In re Amerijet Int'l, Inc.,* 785 F.3d at 973; *Carter v. United States,* 547 F.2d 258, 259 (5th Cir. 1977) (plaintiff has absolute right to dismiss her complaint under Rule 41(a) prior to the filing of an answer or motion for summary judgment).

In the present case, neither an answer nor a motion for summary judgment has been filed; thus, Petitioner is entitled to the voluntary dismissal of the action without prejudice. Petitioner's case was dismissed the moment the notice (Dkt. # 7) was filed with the Clerk. Moreover, after a notice of voluntary dismissal is filed, the district court loses jurisdiction over the case. *In re Amerijet*

---

[2] Petitioner also inquired about the time limits for filing a petition. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted. The law made several changes to the federal habeas corpus statutes, including the addition of a one year statute of limitations. 28 U.S.C. § 2244(d)(1). The AEDPA provides that the one year limitations period shall run from the latest of four possible situations: the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review; the date an impediment to filing created by the State is removed; the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id*. at § 2244(d)(1)(A)-(D).

*Int'l, Inc.,* 785 F.3d at 973.

Accordingly, it is **ORDERED** Petitioner's notice of dismissal (Dkt. # 7) is self-effectuating and terminates the case in and of itself, and the case is **DISMISSED** without prejudice pursuant to Fed. R. Civ. 41(a)(1)(A)(i). All motions by any party not previously ruled upon are **DENIED**.

**SIGNED this 11th day of May, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE